**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**BRANDON GRINDLE**                                                                                          **PETITIONER**

**v.**                                                                          **CAUSE NO. 2:14-CV-197-KS-MTP**

**LEPHER JENKINS**                                                                                       **RESPONDENT**

## ORDER

This matter is before the Court on the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker (the "Magistrate"), filed on September 2, 2016, in which he recommends that the Court dismiss with prejudice the Petition for Writ of Habeas Corpus ("Petition") [1] filed by Petitioner Bobby Joe Campbell ("Petitioner") and deny the relief requested therein. After reviewing the record, the Objections [17], and the applicable law, the Court finds that the Report and Recommendation [16] is both factually and legally accurate, and that it should be adopted as the opinion of the Court.

## I.  DISCUSSION

### A.  Standard of Review

As required by 28 U.S.C. § 636(b)(1), the Court conducts an independent review of the entire record and a *de novo* review of the matters raised by parties' objections.

A writ of federal habeas corpus shall not be granted to a state prisoner on a claim that was adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . that was based on an unreasonable determination of the facts in light of the evidence presented . . . ." 28 U.S.C. § 2254(d).

In order for relief to be granted, the applicant must have "exhausted his remedies available

1

in the courts of the State" unless "there is an absence of available State corrective process" that would be effective in the applicant's case. 28 U.S.C. § 2254(b). A claim is presumed to have been adjudicated on the merits by the state court even if the state court's reasoning does not address federal law specifically. *Johnson v. Williams*, 133 S.Ct. 1088, 1094, 185 L.Ed.2d 105 (2013) (citing *Harrington v. Richter*, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011)). This presumption can be overcome only in limited circumstances. *Id.* at 1096.

Where questions of law or mixed questions of law and fact are concerned, federal habeas relief cannot be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to federal precedent if it is "diametrically different" to clearly established Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision, then, would be contrary to federal precedent if it "confront[s] a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id.*

The Fifth Circuit has adopted Justice O'Connor's understanding of "unreasonable application" for purposes of habeas review, calling for an evaluation of whether the application was "objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002) (quoting *Williams*, 529 U.S. at 409, 120 S.Ct. 1495 (O'Connor, J., concurring)). Justice O'Connor elaborates this standard by saying that "[t]he federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did." *Williams*, 529 U.S. at 409-10, 120 S.Ct. 1495 (O'Connor, J., concurring). In sum, the application of federal law by a state court is considered reasonable as long as "fairminded jurists could disagree" on its correctness.

*Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).

      **B.**      **Ineffective Assistance of Counsel**

Petitioner raises a multitude of arguments for his contention that he received ineffective assistance of counsel. The standard for ineffective assistance of counsel from *Strickland v. Washington* requires that Petitioner show that counsel's performance "[f]ell below an objective standard of reasonableness" and that it caused actual prejudice. 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). With this standard in mind, the Court will address each of Petitioner's arguments separately.

      **1.**      **Abandoning Self-Defense Theory**

Petitioner claims that his counsel was deficient in failing to pursue his defense of self-defense. The Magistrate found that the record demonstrated that this decision by Petitioner's counsel fell within "the wide range of reasonable professional assistance," and this Court agrees. *See Strickland*, 466 U.S. at 680, 104 S. Ct. 2052. There is evidence in the record that shows that Petitioner was driving around the victim's neighborhood with a pistol and shot the unarmed victim as he was backing away from Petitioner's vehicle. *See Grindle v. State*, 134 So.3d 330, 335 (Miss. Ct. App. 2013). In order for a theory of self-defense to prevail under Mississippi law, Petitioner would have to believe he was "in imminent danger of suffering death or great bodily harm at the hands of the person killed." *Wadford v. State*, 385 So.2d 951, 955 (Miss. 1980). These facts do not support a self-defense theory of the crime, and the Court cannot say that it was an unreasonable application of *Strickland* to find that counsel's failure in asserting this defense did not "[fa]ll below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688, 104 S. Ct. 2052. Even if this decision was unreasonable, with these facts on the record, the Court cannot find it was

unreasonable to find the prejudice prong of *Strickland* not satisfied.  *See id.*

### 2. Failure to Request a Manslaughter Instruction

Under Mississippi law, "a heat-of-passion [manslaughter] instruction is not warranted where a cooling-off period exists between the provocation and the killing." *Sanders v. State*, 103 So.3d 775, 779 (Miss. Ct. App. 2012) (citations omitted).  Mississippi courts have held that the provocation "to satisfy the heat-of-passion element . . . must be immediate—that is, occurring at the time o the killing." *Alford v. State*, 5 So.3d 1138, 1143 (Miss. Ct. App. 2008); *see also Smith v. State*, 76 So.3d 170, 173 (Miss. Ct. App. 2009) (holding that a one-day cooling-off period prevented the defendant from claiming a heat-of-passion manslaughter defense).  In his Objections [17], Petitioner admits that the incident that he asserts provoked the shooting occurred two weeks beforehand.  (*See* Objections [17] at p. 6.)  As such, under Mississippi law, a heat-of-passion manslaughter instruction was not warranted because Petitioner had two weeks to cool off.

Because the evidence does not support a manslaughter instruction, counsel's failure to request one cannot be the basis for an ineffective assistance claim.  *See Stewart v. Kelly*, No. 4:04-CV-8-LS, 2006 WL 3918060, at *9 (S.D. Miss. Nov. 17, 2016) (citing *Kinnamon v. Scott*, 33 F.3d 462, 464 (5th Cir. 1994) ("Failure to request an instruction on a lesser included offense cannot form the basis for an ineffectiveness claim where the evidence does not support the instruction.").  Therefore, the Court cannot say that the state court, in denying Petitioner's post-conviction appeal, was unreasonable in not finding Petitioner's counsel ineffective under this argument.

### 3. Failing to Challenge Evidence of Malice

Petitioner also argues that his counsel was deficient in failing to challenge state evidence of malice.  These arguments are intertwined with his arguments that an instruction on manslaughter should have been given, which is appropriate as "[t]he chief distinction between murder and

manslaughter is the presence of deliberation and malice in murder and *its absence* in manslaughter." *Johnson v. State*, 52 So.3d 384, 391 (Miss. Ct. App. 2009) (quoting *Goldsby v. State*, 78 So.2d 762, 767 (Miss. 1955)) (emphasis in original).  Petitioner himself points to evidence of malice in the record, arguing only that the evidence is legally insufficient for a finding of malice.  Petitioner does not challenge the sufficiency of the evidence under the Due Process Clause, though.  He argues only that his counsel was deficient in failing challenge the evidence.

This alleged deficiency stems from what Petitioner claims was counsel's failure to interview certain witnesses prior to their testimony at trial.  Petitioner does not, however, state what, if any, facts this may have uncovered and has not shown that the failure to do so actually prejudiced his case as required under *Strickland*.  Therefore, the Court cannot find that the state court's application of *Strickland* to this argument was unreasonable.

    **4.**    **Remaining Arguments**

The remaining arguments Petitioner makes concerning the ineffectiveness of his counsel, failing to object to Jury Instruction 6, failing to make a record of jury tampering, failing to offer Jury Instruction 4, and cumulative effect of his deficiencies, were not presented in his original Petition [1], nor were they exhausted in state court.  The Magistrate, therefore, found that they were procedurally barred.

Petitioner makes no objection to this ruling and argues only the merits of the arguments.  Because the Court agrees with the Magistrate, Petitioner's remaining arguments will be overruled.

    **C.**    **Dying Declaration and the Confrontation Clause**

Petitioner objects to the Magistrate's ruling concerning the statement of the victim, which was admitted into evidence as a dying declaration at trial.  Petitioner argues that it was not a dying declaration because the victim was never stable enough to give a reliable statement.  Petitioner also

contends that the admittance of this evidence violated his rights under the Confrontation Clause.

Whether the state court properly allowed the non-verbal statements of the victim under the dying declaration hearsay exception is a question of state law, and the Court cannot grant habeas relief unless it was so egregious a mistake as to be an unconstitutional violation of the Due Process Clause. *See Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999) (holding that, on federal habeas review, the Court does not "review the admissibility of evidence under state law unless erroneously evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding"). Petitioner's main issue with the admission of the declaration under state law is whether the victim was conscious and possessed the requisite state of mind to make his statements. The state appeals court ultimately found that the officer's testimony concerning the victim's consciousness and statements were satisfactory enough to admit the statements as dying declarations. *Grindle v. State*, 134 So.3d 330, 340 (Miss. Ct. App. 2013) (internal citations omitted). The court held:

> While we recognize portions of Breland's subsequently given testimony about Brown's consciousness level perhaps call into question the credibility or reliability of Officer Browning's earlier admitted testimony, Breland's later testimony did not negate the fact that the trial judge had already admitted the dying declaration. Rather, to the extent discrepancies or inconsistencies exit between Officer Browning's and Breland's testimony, they were merely credibility and reliability issues for the jury to resolve.

*Id.* at 337-38. Faced with this reasoning, the Court cannot find that the state court's determination was so extremely erroneous as to justify federal habeas relief. *See Jackson*, 194 F.3d at 656.

As for Petitioner's arguments under the Confrontation Clause of the Sixth Amendment, the Magistrate correctly held that these arguments were not properly before the Court, as they were introduced for the first time in Petitioner's reply brief. *See Hopper v. Dretke*, 106 F.App'x 221, 228 n.25 (5th Cir. 2004) ("In the absence of manifest injustice, this court will not consider arguments raised for the first time in a reply brief."). Nevertheless, even if they were properly before the Court,

as the Magistrate notes, Petitioner's arguments under the Confrontation Clause have no merit.

These arguments, though found not to be preserved for appeal, were analyzed by the state appellate court under the plain-error doctrine. The state court noted that the Supreme Court has not given a definite answer as to whether the Confrontation Clause applies to dying declarations. The court pointed to a footnote in *Crawford v. Washington*, which first recognized the application of the Sixth Amendment to the hearsay rules, holding that "[t]he one deviation we have found involves dying declarations. The existence of that exception as a general rule of criminal hearsay law cannot be disputed. *Although many dying declaration may not be testimonial, there is authority for admitting even those that clearly are*." *Grindle*, 134 So.3d at 342 (quoting *Crawford v. Washington*, 541 U.S. 36, 56 n.6, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2004)) (emphasis in original). The court also quoted *Giles v. California*, where the Supreme Court acknowledged "that two forms of testimonial statements were admitted at common law even though they were unconfronted. The first of these were declarations made by a speaker who was both on the brink of death and aware that he was dying. *Id.* (quoting *Giles v. California*, 554 U.S. 353, 358, 128 S. Ct. 2678, 171 L.Ed.2d 488 (2008). The state court went on to reference Justice Ginsburg's opinion in *Michigan v. Bryant*, 562 U.S. 344, 131 S. Ct. 1143, 179 L.Ed.2d 93 (2011). In dissent, Justice Ginsberg noted that "the question whether the exception for dying declarations survives our recent Confrontation Clause decisions" had yet to be addressed by the Supreme Court. *Bryant*, 562 U.S. at 395-96, 131 S. Ct. 1143 (Ginsburg, J., dissenting).

With this strong precedent supporting the state appellate court's upholding of the admission of the dying declaration, the Court cannot find that it unreasonably applied clearly established federal law. Therefore, habeas relief on this argument should properly be denied.

Finding the Objections [17] of Petitioner to have no merit, the Court will **overrule** them.

7

Upon reviewing the record, the Court concludes that the Magistrate's Report and Recommendation [16] to be an accurate statement and analysis of the law and facts, and therefore finds that it should be **adopted** as the opinion of the Court.

## II.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner's Objections [17] are **overruled**.  After reviewing the record, the Court concludes that the Magistrate's Report and Recommendation [16] is an accurate statement and analysis of the law and facts. The Court **adopts** it as the opinion of the Court and **dismisses with prejudice** the Petition [1].

SO ORDERED AND ADJUDGED this 28th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE